On petitioners' motion for appointment of counsel December 6, 1982, motion denied March 23, 1983

SERGE S. WISOTSKY,
*Petitioner,*
*v.*
STATE BOARD OF PAROLE,
*Respondent.*
(CA A26633)

GERALD JACK GIBSON,
*Petitioner,*
*v.*
STATE BOARD OF PAROLE,
*Respondent.*
(CA A26632)
(Cases Consolidated)
660 P2d 213

Serge S. Wisotsky, Salem, in propria persona for motion.

394

Gerald Jack Gibson, Salem, in propria persona for motion.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

PER CURIAM

**PER CURIAM**

Each petitioner, acting *pro se,* has filed a motion for appointment of counsel from outside the office of the Public Defender in proceedings to review final orders of the Board of Parole. ORS 144.335. The orders set parole release dates for petitioners. Because both motions present the same question, we have consolidated these matters on our own motion. ORAP 6.30.

Petitioners allege that the Public Defender is unable to represent them effectively and competently, because his office has an excessive caseload for the size of its staff and the time it is able to give these matters. ORS 144.337 provides:

"Persons petitioning for review under ORS 144.335 shall be represented by the Public Defender pursuant to the terms of ORS 151.210 to 151.290."

It is the only statute providing for representation in these proceedings.

The Supreme Court has held that under the United States Constitution there is no procedural due process right to representation for review of parole board decisions denying conditional release before the expiration of a valid sentence. *Greenholtz v. Nebraska Penal Inmates,* 442 US 1, 99 S Ct 2100, 60 L Ed 2d 668 (1979). We find none under the Oregon Constitution.

Petitioners' only right to representation is that granted by ORS 144.337. No right to legal counsel other than the Public Defender exists.

Motion denied.